**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHARLES DANIEL MAYE,

    Petitioner,

v.                                                         Case No. 8:13-CV-3104-T-30EAJ
                                                        Crim Case No. 8:04-CR-321-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O R D E R**

This matter is before the Court for consideration of Maye's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. #1), and Motion to Expand the Record (CV Dkt. #2). A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255(b). Maye's motion shall be dismissed without a response because it is a successive § 2255 motion.

## **BACKGROUND**

On December 16, 2004, a grand jury returned a five-count Superseding Indictment against co-defendants Maye and Leroy Collins. The counts pertaining to Maye charged him with the following crimes:

> Count One: conspiracy to intentionally access a computer without authorization and in excess of authorization, to obtain information from a department or agency of the United States, for the purpose of private financial gain and in furtherance of criminal acts of extortion in violation of 18 U.S.C. § 1030(a)(2)(B) and knowingly and willfully making materially false statements to an FBI agent, in violation of 18 U.S.C. § 1001(a)(2), all in violation of 18 U.S.C. § 371;
>
> Counts Two and Four: intentionally accessing a computer – the NCIC (National Crime Information Center) computer database – without authorization and in excess of authorization, to obtain information from a department or agency of the United States, for the purpose of private financial gain and in furtherance of criminal acts of extortion in violation 18 U.S.C. § 1030(c)(2)(B)(i) and (ii) and 18 U.S.C. § 2; and
>
> Count Five: knowingly and willfully making false statements during an interview with a Special Agent of the FBI, in violation of 18 U.S.C. § 1001(a)(2).

(CR Dkt. #6). Trial commenced on March 27, 2006, and on April 7, 2006, the jury found Maye guilty of all charges (CR Dkt. #152). On July 21, 2007, the Court sentenced Maye to 97 months imprisonment, 36 months of supervised release, and a $15,000 fine (CR Dkt. #166).

Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was denied on February 13, 2008 (CR Dkt. #207). *See Maye v. United States*, Case No. 8:07-CV-1258-T-30EAJ (M.D. Fla. 2007). On March 31, 2008, this Court denied Petitioner's application for a certificate of appealability (See Case No. 07cv1253-T-30EAJ at Dkt. #31). On July 21, 2008, the Eleventh Circuit Court of Appeals denied Maye's motion for a certificate of appealability (Id. at Dkt. E32).

Petitioner's second request for collateral relief was dismissed as a second § 2255 motion on October 25, 2010 (CR Dkt. 341). *See Maye v. United States*, Case No. 8:10-CV-2327-T-30TBM (M.D. Fla. 2010). On September 26, 2012, this Court denied Petitioner's application for a certificate of appealability (See Case No. 8:10-CV-2327-T-30TBM at Dkt. #27). On March 20, 2013, the Eleventh Circuit Court of Appeals denied Maye's motion for a certificate of appealability (Id. at Dkt. #33).

On December 10, 2013, Maye filed the instant § 2255 motion (CV Dkt. #1). The motion raises one ground for relief: Maye's due process rights were violated because the conviction was obtained, and sustained during the post conviction proceedings, by prosecutorial misconduct. Specifically, Maye asserts that the prosecutor committed misconduct by falsely representing to this Court that Maye could and did access the NCIC computer database from the computer in Maye's patrol vehicle, when the prosecutor knew or should have known that it was impossible to access the NCIC database from the computer in Maye's patrol vehicle.

## DISCUSSION

"[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. *See* 28 U.S.C. §2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255 and he has not demonstrated that he has obtained permission from the Eleventh Circuit Court of Appeals to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion.

Maye argues that his § 2255 motion is not a second or successive motion because his claim was not "complete" at the time he filed his initial § 2255 motion (CV Dkt. #1 at pp. 3, 8). In support of this argument, Petitioner asserts that his claim was not "complete" until "the Shackelford Letter was put in the public domain and exposed [the prosecutor's] involvement with former AUSA Jeffrey Del Fuoco's attempt to sue Manatee County Sheriff's Officers for the same conduct [for which Maye was convicted]." (Id. at p. 8).[1] Maye, therefore, essentially appears to argue that the instant § 2255 motion is not successive because his claim was not "complete," or ripe, until after the conclusion of the initial § 2255 proceedings, when the "Shackelford Letter" became available to him, and he thereafter could prove his prosecutorial misconduct claim.

"[W]hen a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive'" for purposes of 28 U.S.C. § 2255(h). *Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011) (citing *Singleton v. Norris*, 319 F. 3d 1018, 1023 (8th Cir. 2003) (en banc)). "'[C]laims based on a *factual* predicate not previously discoverable are successive,' but '[i]f. . .the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.'" *Id*. at 863 (quoting *Leal Garcia v. Quaterman*, 573 F.3d 214, 221-22 (5th Cir. 2009)) (emphasis in original).

---

[1] The "Shackelford Letter" is a June 17, 2005 letter from Kelly Shackelford to then Assistant United States Attorney Jeffrey Del Fuoco (see *Maye v. United States*, Case no. 8:10-cv-2327-T-30TBM at Dkt. #36-1, docket pp. 10-21).

4

The basis for the instant § 2255 motion, i.e., the alleged prosecutorial misconduct during the criminal and initial § 2255 proceedings, arose before the initial § 2255 proceedings were completed. Therefore, the instant § 2255 motion is successive even though Maye did not discover the factual predicate, the "Shackelford Letter," for his claim until after the time he filed his initial § 2255 motion. *See Leal Garcia*, 573 F.3d at 221 (explaining that "claims based on new rules of constitutional law (made retroactive by the Supreme Court)," and "claims based on a factual predicate not previously discoverable" are both subject to the gatekeeping provision; therefore, both are previously unavailable and "successive" under AEDPA).

Because the instant § 2255 motion is successive, this Court lacks jurisdiction to consider it, absent authorization from the Eleventh Circuit. *See Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam) ("district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition"). Accordingly, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek permission from the Eleventh Circuit to file a second or successive motion.

ACCORDINGLY, the Court **ORDERS** that:

1. Maye's Motion to Expand the Record (CV Dkt. #2) is **GRANTED**.

2. The motion to vacate, set aside, or correct an illegal sentence (CV Dkt. #1) is **DISMISSED** without prejudice.

3. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

4. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). The Court also declines to allow Petitioner to proceed *in forma pauperis* on appeal because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

5. The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 9, 2014.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u>:
All Parties/Counsel of Record